UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BOSTON JERMAINE TOMPKINS,

        Petitioner,                Case No. 1:24-cv-719

v.                                     Honorable Jane M. Beckering

DAVID A. THOMPSON et al.,

        Respondents.
_____/

## OPINION

Petitioner Boston Jermaine Tompkins initiated this suit by filing a hybrid civil rights/habeas action. In an order (ECF No. 4) entered on July 25, 2024, the Court indicated that it would not permit Plaintiff to pursue claims for immediate release and monetary compensation in the same lawsuit. (*Id.*, PageID.34.) The Court, therefore, construed the instant action as a petition for habeas corpus brought pursuant to 28 U.S.C. § 2254 and noted that Plaintiff could proceed upon his claim for immediate release in this action. The Court severed Plaintiff's claim for monetary compensation into a new case. (*Id.*, PageID.35.) In a separate order, the Court has granted Petitioner leave to proceed *in forma pauperis* in this suit.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal

under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Discussion

### I.   Factual Allegations

Petitioner is incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Following a jury trial in the Macomb County Circuit Court, Petitioner was convicted of one count of armed robbery, in violation of Mich. Comp. Laws § 750.529, and one count of conspiracy to commit armed robbery, in violation of Mich. Comp. Laws §§ 750.157a and 750.529. *See People v. Tompkins*, No. 323193, 2016 WL 1039555, at *1 (Mich. Ct. App. Mar. 15, 2016). The trial court sentenced Petitioner as a third-offense habitual offender, Mich. Comp. Laws § 769.11, to concurrent terms of 15 to 30 years' incarceration. *See id.*

On direct appeal, the Michigan Court of Appeals affirmed Petitioner's convictions but vacated his sentences and remanded the matter to the trial court for resentencing. *Id.* Specifically, the court of appeals agreed with Petitioner that the trial court erred by not preparing a sentencing information report (SIR) in conjunction with Petitioner's presentence investigation report (PSIR). *Id.* at *4.

The trial court's public docket reflects that the trial court conducted Petitioner's resentencing on September 7, 2016. *See* https://courtpa.macombgov.org/eservices/search.page.9?x=WfYu-5n3*PtzW*1wVcMVCQ (type "Tompkins" for "Last Name," type "Boston" for "First Name," select Search, then select the link for Case Number 2013-003699-FC) (last visited July 26, 2024). The trial court sentenced Petitioner to concurrent terms of 14½ to 30 years' incarceration,

with credit for 1,103 days served. *See id.* Petitioner appealed, challenging the reasonableness of his sentences. *See People v. Tompkins*, No. 334944, 2018 WL 1342448, at *1 (Mich. Ct. App. Mar. 15, 2018). The court of appeals affirmed Petitioner's new sentences. *See id.* The Michigan Supreme Court denied Petitioner's application for leave to appeal on September 30, 2019. *See People v. Tompkins*, 933 N.W.2d 296 (Mich. 2019).

The trial court's docket reflects that Petitioner subsequently filed a motion for relief from judgment pursuant to Michigan Court Rule 6.500 on January 14, 2021. *See* https://courtpa.macombgov.org/eservices/search.page.9?x=WfYu-5n3*PtzW*1wVcMVCQ (type "Tompkins" for "Last Name," type "Boston" for "First Name," select Search, then select the link for Case Number 2013-003699-FC) (last visited July 26, 2024). The trial court denied that motion on March 19, 2021. *See id.* The Michigan Court of Appeals denied Petitioner's application for leave to appeal on September 29, 2021. *See* Register of Actions, *People v. Tompkins*, No. 357564, https://www.courts.michigan.gov/c/courts/coa/case/357564 (last visited July 26, 2024). The trial court's docket also reflects that a judgment of sentence was sent to the DOC on October 26, 2023. *See* https://courtpa.macombgov.org/eservices/search.page.9?x=WfYu-5n3*PtzW*1wVcMVCQ (type "Tompkins" for "Last Name," type "Boston" for "First Name," select Search, then select the link for Case Number 2013-003699-FC) (last visited July 26, 2024).

In his § 2254 petition, Plaintiff alleges that in September of 2023, he filed a petition for a writ of habeas corpus in the Macomb County Circuit Court, where Defendant Thompson is chief judge. (ECF No. 1, PageID.4.) In that petition, Plaintiff challenged "the authority that has him restrained and detained." (*Id.*) Plaintiff's petition was served upon Defendants Burgess and Langschwagger. (*Id.*) Plaintiff claims that these individuals provided an invalid judgment of sentence commitment to the MDOC in response. (*Id.*) According to Plaintiff, the produced

3

judgment is invalid because it was vacated by the Michigan Court of Appeals in 2016. (*Id.*) Plaintiff suggests that Defendant Thompson "neglected to order the immediate release of Plaintiff," and that the judgment of commitment was stamped, not signed, by a judge. (*Id.*) According to Plaintiff, no new sentence was entered on record, and so the only judgment of sentence on record was the "original judgment of sentence commitment to the MDOC that was vacated in the year of 2016." (*Id.*)

Plaintiff goes on to assert that on November 14, 2023, the mailroom at ECF received a copy of a new judgment of sentence commitment to deliver to Plaintiff. (*Id.*) Plaintiff suggests that this judgment was stamped, not signed, by a Macomb County circuit judge, and that it was "post-dated to assume a re-sentencing hearing [in] September of 2016 that the Honorable Thomas Brookhover did not record on the record." (*Id.*) Plaintiff raised all of these assertions in his petition for a writ of habeas corpus. (*Id.*) He contends, however, that Defendant Thompson allowed the Attorney General's office to "conspire and present to him falsified documentation to show authority of Plaintiff's unlawful and illegal restraint without allowing a show cause hearing Plaintiff requested to prove his unlawful and illegal confinement." (*Id.*) As relief, Plaintiff seeks immediate release. (*Id.*, PageID.8.)

## II.  AEDPA Standard

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an

> unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (internal quotation marks omitted)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

5

comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

### III. Discussion

As noted *supra*, Petitioner contends that he is illegally confined because, according to Petitioner, the only judgment of commitment that the MDOC has on file is the judgment that was vacated by the Michigan Court of Appeals in 2016. (ECF No. 1, PageID.4.) Petitioner's own exhibits, however, do not support his assertion. Granted, it appears that when Warden Burgess, as the respondent to Petitioner's state petition for a writ of habeas corpus, filed his response, he erroneously attached a copy of the judgment of sentence that was vacated by the court of appeals. (ECF No. 1-3, PageID.15.) However, in a letter dated October 25, 2023, Legal Secretary Alesha Holicki indicated that the respondent was amending that exhibit by submitting the judgment of sentence entered after remand. (ECF No. 1-4, PageID.16.) Moreover, the MDOC Basic Information Sheet, which is dated at some point in 2023, correctly reflects the sentences imposed upon Petitioner after remand. (ECF No. 1-10, PageID.23.)

Even if the MDOC did not receive a copy of the amended judgment of sentence immediately after Petitioner's resentencing, the fact remains that Petitioner is still validly "in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a). In fact, the MDOC's Offender Tracking Information System (OTIS) reflects the judgment after remand. OTIS shows that Petitioner's earliest release date—the date Petitioner is eligible for parole—is February 28, 2028. https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=518783 (last visited July 26, 2024). His maximum discharge date is August 30, 2024. *See id*. Thus, there

7

is no question that Petitioner has not been held in custody past the expiration of his sentence. Petitioner, therefore, is not entitled to the immediate release he seeks, and his § 2254 petition will be dismissed.[1]

## IV.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that ... jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review,

---

[1] In his petition, Petitioner also references himself as a "beneficiary express trust." (ECF No. 1, PageID.2.) He suggests that he turned over all of his property "to the Nation of S.O.S.A.W. as the beneficial owner in use and title to assi[s]t [Petitioner] in his obligations to the State of Michigan." (*Id.*, PageID.6.) Petitioner appears to suggest that the State of Michigan, as his creditor, has breached some sort of contract. (*Id.*) The use of such language is akin to that used by Moorish-Americans and sovereign citizens and provides no basis for habeas relief. *See, e.g.*, *Metaphyzic El-Ectromagnetic Supreme-El v. Dir., Dep't of Corr.*, No. 3:14CV52, 2015 WL 1138246, at *13 n.7 (E.D. Va. Mar. 3, 2015).

but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claim. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claim would be debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although the Court concludes that Petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Thus, the Court does not certify that an appeal would not be taken in good faith.

## Conclusion

Petitioner has failed to raise a meritorious federal claim in his § 2254 petition. Accordingly, the Court will enter an order and judgment dismissing the petition and denying a certificate of appealability.

Dated: August 8, 2024

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge